In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 02-3624 & 02-8025

MARC LIVINGSTON, *et al.*,

*Plaintiffs-Appellees,*

*v.*

ASSOCIATES FINANCE, INC., *et al.*,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 1659—**David H. Coar**, *Judge.*

ARGUED MAY 12, 2003—DECIDED AUGUST 7, 2003

Before BAUER, KANNE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Marc and Michelle Livingston sued Associates Finance, Inc. for violations of the Truth in Lending Act, on behalf of themselves and a purported class of similarly aggrieved borrowers. Associates, which moved to compel arbitration pursuant to an arbitration agreement, appeals the district court's denial of its motion as well as the court's grant of the Livingston's motion for class certification. Because we find the Arbitration Agreement controlling, and Associates' offer to pay arbitration fees sufficient to protect against potentially prohibitive costs, we reverse the district court's denial of arbitration, vacate its class certification determination, and

remand the case with instructions to the district judge to stay the case to allow the parties to proceed on their claims in arbitration.

## I. BACKGROUND

The Livingstons were frequent borrowers from Associates. Their transactions with Associates began with one loan, but they periodically took out loans to pay off their previous loans, which is typically called "loan-flipping." When the Livingstons took out their last loan, they signed an Arbitration Agreement in which both parties waived their rights to litigate in court any and all claims arising between the parties on this loan and any and all existing or previous loans. The Agreement permits either party to demand arbitration in response to a lawsuit, and provides that Associates may pay the arbitration costs at the Livingstons' request if they (the Livingstons) are unable to do so themselves.[1] The Agreement also precludes the

---

[1] The Arbitration Agreement provides that either party has "an absolute right to demand that any dispute be submitted to an arbitrator," either directly or in response to the filing of a lawsuit by the other party, and that such right encompasses "all claims and disputes arising out of, in connection with, or relating to" any loans, documents relating to loans, negotiations, or the validity of the Arbitration Agreement (among other things). The Agreement also provides that the party seeking arbitration is required to pay the filing fees, but the Livingstons may ask Associates to pay the fee if they believe they are financially incapable of paying it themselves. It further states that the Commercial Arbitration Rules will determine which party will pay the costs associated with arbitration, including attorneys' fees and the cost of the hearing, and those Rules provide that arbitration costs "shall be borne equally by the parties unless they agree otherwise or unless the arbitrator . . . assesses such expenses . . .

(continued...)

Livingstons from joining a class action lawsuit if one is filed, and from creating a class action in any arbitration proceeding.

When the Livingstons obtained their last loan, they also received Truth in Lending disclosures that were supposed to detail the implications of their loans and a rate reduction rider that provided the interest rate on their loan could be lowered through regular payments over a period of time. The Livingstons believe the disclosures do not reflect the terms of the rate reduction rider and thus do not disclose the true annual percentage rate, finance charges, and total payments of the loan. Believing this to be a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1635(f), and Regulation Z governing truth in lending, 12 C.F.R. § 226.23, the Livingstons filed suit in federal court and moved for certification of a class of similarly aggrieved borrowers. Associates responded by filing a motion to compel arbitration pursuant to the terms of the Arbitration Agreement, and a motion to dismiss the class claims based on the Arbitration Agreement's prohibition against class actions. Associates also filed a scheduling motion, explaining that it was not responding to the Livingstons' class certification motion and seeking to stay briefing and discovery on the class certification question because resolution of the arbitration motion could moot the class certification question. In response to Associates' rescheduling motion, the district court stayed all briefing and discovery on the class certification question.

---

[1] (...continued)
against any specified party." Comm. Arb. R. 52. With respect to attorneys' fees, the Rules provide that "[t]he award of the arbitrator may include . . . an award of attorneys' fees if all parties have requested award or it is authorized by law or their arbitration agreement." Comm. Arb. R. 45(d)(b).

The Livingstons responded to Associates' motion to compel arbitration, arguing that the Arbitration Agreement is unenforceable because they (the Livingstons) rescinded the last loan, the costs of arbitrating are prohibitively high, the American Arbitration Association (AAA) is biased in favor of Associates,[2] and Associates fraudulently induced them to enter the Arbitration Agreement. They also moved for leave to seek discovery on the prohibitive costs question. The Magistrate Judge recommended rejecting most of the Livingstons' arguments but permitting discovery on whether the costs of arbitration would be prohibitively high. The district court adopted the Magistrate Judge's recommendations, rejecting the Livingstons' arguments on rescission, AAA bias, and fraudulent inducement, and allowing limited discovery on the prohibitive costs question. Associates then agreed to "pay [the Livingstons'] arbitration costs to the extent those costs exceeded what [the Livingstons] would incur in litigation in federal court," at which point the Livingstons discontinued all discovery into whether arbitration costs would be prohibitively high and dropped the issue entirely before the district court.

The district court rejected Associates' arbitration motion, finding that the Arbitration Agreement was unenforceable because Associates' offer to pay fees was "vague" and "nebulous" and had not "eliminated any possibility that the costs of arbitration could prove prohibitively high." The district court stated that "[d]efendants completely fail to iterate exactly which litigation costs would offset arbitration costs. This 'offer' is an invitation to further litigation about costs, nothing more." The district court also found that the "uncertainty of an [attorneys' fee] award by an arbitrator using his or her 'discretion,' coupled

---

[2] The Arbitration Agreement provides that the AAA's arbitration rules govern any arbitration between the parties.

with the uncertainty inherent in [Associates'] nebulous offer to pay arbitration costs only to the extent they exceed litigation costs, impermissibly impedes [the Livingstons'] exercise of their rights under TILA." Associates filed a motion for reconsideration, clarifying that its offer to pay costs was meant to be sufficient, but that they would further agree to pay "all costs of arbitration" without regard to the comparative costs in federal court. The district court rejected Associates' clarified offer and denied its reconsideration motion.

Finding the Arbitration Agreement unenforceable, the district court summarily denied Associates' motion to dismiss the class claims, which was based on the Arbitration Agreement's prohibition of class actions and class claims in arbitration, and proceeded to certify the class. The district court reached the class certification question by considering Associates' motion to dismiss class claims as its substantive response to the Livingstons' motion for class certification, despite the court's earlier decision staying all briefing and discovery on the issue.

On appeal, Associates argues that the Arbitration Agreement should be enforced and arbitration should be compelled. It also argues that the class certification should be vacated because the district court's inquiry was insufficient and the class claims should be dismissed. The Livingstons argue that Associates' offers to pay the arbitration costs are a material change to the Arbitration Agreement that they do not accept, therefore the Arbitration Agreement is unenforceable. They also reiterate the rescission argument that was rejected by the district court and raise a new theory of judicial estoppel by asking the court to take judicial notice of a California case that they believe binds Associates to a position in favor of litigation and class certification.

## II. ANALYSIS

A. Motion to Compel Arbitration

The Federal Arbitration Act (FAA) provides that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The purpose of the FAA is "'to reverse the longstanding judicial hostility to arbitration agreements . . . and to place them on the same footing as other contracts.'" *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)); *see also Sweet Dreams Unlimited, Inc. v. Dial-a-Mattress Int'l, Ltd.*, 1 F.3d 639, 641 (7th Cir. 1993) ("It is beyond peradventure that the [FAA] embodies a strong federal policy in favor of arbitration."). A party seeking to invalidate an arbitration agreement must establish that the agreement precludes them from effectively "vindicating [their] statutory cause of action in the arbitral forum." *Green Tree*, 531 U.S. at 90. We review the denial of a motion to compel arbitration de novo. *CK Witco Corp. v. Paper Allied Indus.*, 272 F.3d 419, 422 (7th Cir. 2001); *Iowa Grain Co. v. Brown,* 171 F.3d 504, 508-09 (7th Cir. 1999).

The district court denied Associates' arbitration motion, in part, because Associates had not "eliminated any possibility that the costs of arbitration could prove prohibitively high." This misplaces the burden that parties must meet in order to avoid arbitration due to prohibitive costs. In *Green Tree*, the Supreme Court acknowledged that a legitimate reason to deny arbitration may exist if a party would "be saddled with prohibitive [arbitration] costs." 531 U.S. at 90-92. The Court stated, however, that "[the] party seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expen-

sive . . . bears the burden of showing the likelihood of incurring [prohibitive] costs." *Id.* at 92. While the Court did not state how detailed that showing must be before the party seeking to compel arbitration must come forward with contrary evidence, *see id.*, the party opposing arbitration nevertheless must provide some individualized evidence that it likely will face prohibitive costs in the arbitration at issue and that it is financially incapable of meeting those costs. *See Bradford v. Rockwell Semiconductors Sys., Inc.*, 238 F.3d 549, 557 (4th Cir. 2001).

In the present case, the Livingstons have not offered any specific evidence of arbitration costs that they may face in this litigation, prohibitive or otherwise, and have failed to provide any evidence of their inability to pay such costs, even though the district court permitted discovery on that very question. Tellingly, their only "evidence" of prohibitive arbitration costs is an unsubstantiated and vague assertion that discovery in an unrelated arbitration matter disclosed fees of nearly $2,000 per day. This bare assertion of prohibitive costs, without more, is too speculative and insufficient to shift the burden to Associates to show how the costs are not prohibitive. *Green Tree*, 531 U.S. at 91. Furthermore, the fact that Associates agreed to pay *all* costs associated with arbitration forecloses the possibility that the Livingstons could endure any prohibitive costs in the arbitration process. *See Large v. Conseco Fin. Servicing Corp.*, 292 F.3d 49, 56-57 (1st Cir. 2002). Under these circumstances, Associates' motion to compel arbitration was improperly denied.[3]

---

[3] The Livingstons do not dispute that they failed to provide any evidence of prohibitive arbitration costs, nor that Associates offer moots their prohibitive costs argument. Instead, they present a variety of unpersuasive arguments that merit minimal attention. For example, they argue that Associates' offer to pay

(continued...)

The district court's other reason for denying Associate's arbitration motion was its concern that the arbitrator's discretion to award attorneys' fees was not in accord with TILA's restrictions on such awards to defendants. (Notably, while Associates rebuts this conclusion, the Livingstons do nothing to support it.) The TILA provides that a defendant is liable to a successful plaintiff for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692(k)(a)(3). If the plaintiff is not successful, the defendant is not entitled to attorneys' fees unless there is a finding that the plaintiff brought the action in "bad faith and for the purpose of harassment." *Id.* The Arbitration Agreement in this case provides that attorneys' fees will be determined by the arbitrator pursuant to the Commercial Arbitration Rules, and those rules provide that "[t]he award of the arbitrator may include . . . an award of attorneys' fees

---

[3] (...continued)
all costs of arbitration constitutes an offer to rewrite the Arbitration Agreement that they do not accept and therefore the Arbitration Agreement is invalid in its entirety. That belies the fact that the Arbitration Agreement and the Commercial Arbitration Rules provide that the parties may agree that one or the other (in this case Associates) may bear the costs of arbitration if the other side (the Livingstons) is financially incapable of doing so. Moreover, the Livingstons cannot plead prohibitive costs on the one hand and then reject Associates' offer to pay all costs when that offer is in accordance with the provisions of the Agreement.

The Livingstons also argue that they rescinded the loan agreement and thereby the Arbitration Agreement as well. As the Magistrate Judge and district court properly acknowledged, however, this court has held that rescission is an argument for the arbitrator to decide because it is a dispute encompassed by the "arising out of, in connection with, or relating to" language contained in the Arbitration Agreement. *Sweet Dreams Unlimited*, 1 F.3d at 641-43; *see also Large*, 292 F.3d at 54-55.

if all parties have requested award or *it is authorized by law or their arbitration agreement.*" Comm. Arb. R. 45(d)(b) (emphasis added). We fail to see how the Arbitration Agreement and the Commercial Arbitration Rules provide the arbitrator with discretion to award attorneys' fees to Associates greater than that which is provided for in the TILA or that in any way contravenes the TILA limitations on such awards. Moreover, the availability of judicial review ensures that an arbitrator's award is not in conflict with statutory requirements. "[T]here is no reason to assume at the outset that arbitrators will not follow the law; although judicial scrutiny of arbitration awards necessarily is limited, such review is sufficient to ensure that arbitrators comply with the requirements of the statute." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 232 (1987) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 636-37, and n.19 (1985); *Kovaleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 366 (7th Cir. 1999). Accordingly, we reject this basis for denying arbitration.

Because we find that Associates was improperly burdened with the obligation to refute an unsubstantiated assumption of prohibitive arbitration costs, and because we find the district court's concern over the arbitrator's ability to award attorneys' fees to be unfounded, we reverse the district court's decision to deny arbitration and remand this case for arbitration pursuant to the Agreement.

B.  Class Claims and Class Certification

The district court also certified the Livingstons' proposed class, despite having stayed all briefing and discovery on the class certification question, because it found Associates' motion to dismiss class claims to be a sufficient response to the Livingstons' motion for class certification. The court

did so while simultaneously noting that Associates' motion to dismiss class claims was based solely on the Arbitration Agreement's preclusion of class claims and class actions. Class certification requires a rigorous investigation into the propriety of proceeding as a class, and a decision to certify a class should not be made based solely on the arguments of one party. *See, e.g.*, *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996). The district court's failure to provide Associates with an adequate opportunity to respond substantively to the Livingstons' class certification motion, particularly in light of the court's decision to stay all briefing and discovery into that question, effectively denied Associates' due process rights on the question. *Id.* Accordingly, the court's decision to certify the class must be vacated. This issue need not be remanded for further consideration, however, because having found the Arbitration Agreement enforceable we must give full force to its terms. 9 U.S.C. § 4; *Champ v. Siegel Trading Co., Inc.*, 55 F.3d 269, 274 (7th Cir. 1995). The Arbitration Agreement at issue here explicitly precludes the Livingstons from bringing class claims or pursuing "class action arbitration," so we are therefore "obliged to enforce the type of arbitration to which these parties agreed, which does not include arbitration on a class basis." *Id.* at 277; *see also Randolph v. Green Tree Fin. Corp.-Ala.*, 244 F.3d 814, 816-19 (11th Cir. 2001); *Johnson v. W. Suburban Bank*, 225 F.3d 366, 369 (3d Cir. 2000).[4]

---

[4] The Livingstons argue that judicial estoppel prevents Associates from arguing for arbitration and against class certification in this litigation when it agreed to litigate a class action on arguably similar claims in a California Superior Court action involving different parties, *see Morales v. Citigroup Inc.*, Judicial

(continued...)

### III.  CONCLUSION

For the foregoing reasons, the decision of the district court denying arbitration is REVERSED and the decision of the district court granting class certification is VACATED. We REMAND to the district court for further proceedings in accordance with this opinion, directing that a stay of proceedings pending arbitration be entered.

A true Copy:

       Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[4] (...continued)
Council Coordination Proceeding No. 4197. Their failure to present this argument to the district court waives it on appeal. *Belom v. Nat'l Futures Ass'n*, 284 F.3d 795, 799 (7th Cir. 2002). Even if there was no waiver, judicial estoppel still would not apply, as the Livingstons have not shown that the facts at issue were the same in both cases (the *Morales* lawsuit appears to involve several claims that are not at issue in the present matter), nor have they offered any evidence that Associates argued in favor of litigation (and against arbitration) in that lawsuit. *See Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 525 (7th Cir. 1999).

---