Gladys RIVERA,

v.

**Landie THOMAS, et al.**

**No. CIV.A.DKC 2002–2299.**

United States District Court,
D. Maryland.

May 6, 2004.

Solomon Oluseyi Bankole, Solomon O. Bankole PC, Laurel, MD, Patrick Tachie–Menson, Law Office, Bethedsa, MD, for Plaintiff.

Carl Anthony Maio, Steven Keith Ludwig, Fox Rothschild LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination case are the motions by Plaintiff Gladys Rivera to reopen the case and to vacate the arbitration decision and award. The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant the motion to reopen and will grant in part and deny in part the motion to vacate.

## I. Background

On July 10, 2002, Plaintiff Gladys Rivera filed a complaint against Defendants Landie Thomas, George Meredith, and Pep Boys. Plaintiff alleged a host of Title VII claims, which included sexual harassment, retaliation and hostile work environment. Defendants subsequently moved to compel arbitration, based on a provision in the employment application signed by Plaintiff. On December 31, 2002, this court granted the motion and dismissed the case, finding that all issues between the parties were arbitrable. The court also noted that Defendants' offer to pay all expenses of arbitration over $150 rendered moot any contentions by Plaintiff that the potential costs of that legal forum were prohibitive.

On December 2, 2003, after five days of hearings, Arbitrator Patricia Latham (the Arbitrator) issued a decision, in which she found in favor of Defendants as to Plaintiff's claims of sexual harassment, retaliation and hostile work environment.[1] The Arbitrator ordered that Plaintiff was responsible for the administrative fees and expenses of the American Arbitration Association in the amount of $1,700.00; for the fees and expenses of the Arbitrator in the amount of $11,873.80; and for reimbursement of costs to Defendant Pep Boys in the amount of $10,825.00. Immediately following the arbitration decision, Plaintiff filed a motion to reconsider and to vacate the award, which the Arbitrator denied on December 30, 2003. On February 12, 2004, Plaintiff filed the instant motions in this court to reopen the case and to vacate the arbitration decision and award.

## II. Motion to Reopen the Case

■ Plaintiff asks this court to reopen the case, pursuant to Rules 60(b)(5) and

---

1. The Arbitrator noted at the end of the decision that "[a]ll claims not expressly granted herein are DENIED." Paper 24, Ex. 11 at 2.

This refers presumably to Plaintiff's claim for sexual assault and battery, upon which the Arbitrator did not explicitly rule.

(6), in order "to enable Plaintiff [to] file her motion to vacate the Arbitrator's award and grant a new trial before this Court." Paper 23 at ¶ 18.[2] As a general rule, "the district court is the proper forum in which to bring Rule 60(b) motions for relief from that court's own judgments." *Fobian v. Storage Tech. Corp.,* 164 F.3d 887, 889 (4th Cir.1999); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2865 (2d ed. 1995) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment"). Plaintiff has filed this motion to reopen the case in order to challenge the arbitration decision; that challenge is properly before the court in the form of Plaintiff's motion to vacate.[3] This court could have stayed the case pending arbitration, rather than ordering dismissal as it did. In order not to make Plaintiff file a new suit and pay a new filing fee, the court will reopen the case. Accordingly, Plaintiff's motion to reopen the case will be granted.

## III. Motion to Vacate

### A. *Standard of Review*

Under the Federal Arbitration Act (FAA), a district court may vacate an arbitration award only under these circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also Remmey v. PaineWebber, Inc.,* 32 F.3d 143, 146 (4th Cir.1994). In addition to those grounds enumerated in the FAA, the court also may vacate an arbitration award upon a showing by the movant that the award "is irrational or evidences manifest disregard for law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.,* 142 F.3d 188, 193 n. 8 (4th Cir.), *cert. denied,* 525 U.S. 876, 119 S.Ct. 178, 142 L.Ed.2d 145 (1998); *see also Upshur Coals Corp. v. United Mine Workers of America, Dist. 31,* 933 F.2d 225, 229 (4th Cir.1991). Finally, vacatur may be appropriate "if the award is ambiguous or otherwise incomplete or contradictory." *Jih v. Long & Foster Real Estate, Inc.,* 800 F.Supp. 312, 317 (D.Md.1992).

---

**2.** In the alternative to a "new trial," Plaintiff seeks a remand for a new trial before a new arbitrator or arbitration panel. *See id.*

**3.** To the extent that the motion to reopen asks this court to reconsider matters regarding or related to arbitrability, "it [is] clearly improper because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue... already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.,* 57 F.3d 395, 400–01 (4th Cir.

1995) (internal quotation omitted). Furthermore, the Fourth Circuit, in an unpublished opinion, affirmed the district court's denial of a party's Rule 60(b) motion as a mechanism to challenge the arbitration decision itself: "Because the FAA contains exclusive procedures for vacating arbitration awards, Rule 60(b)(1) is inapplicable." *e.spire Communications, Inc. v. CNS Communications,* 39 Fed. Appx. 905, 912 (4th Cir.2002) (unpublished disposition).

■ Judicial review of an arbitration award is "severely circumscribed." *Apex Plumbing Supply,* 142 F.3d at 193 and at n. 5 (explaining that "narrow standard of review is necessary to preserve the benefits of arbitration, *to wit,* reduced delay and expense, and to prevent arbitration from becoming a preliminary step to judicial resolution"). To that end, an arbitration award "is entitled to a special degree of deference on judicial review." *Upshur Coals Corp.,* 933 F.2d at 228–29.

### B. Arbitration Decision

■ The bulk of Plaintiff's motion is a series of arguments that the Arbitrator erred by "disregarding" evidence which Plaintiff believes support her Title VII claims of sexual harassment, retaliation and hostile work environment.[4] None of these points set forth by Plaintiff offer sufficient grounds for vacatur of the arbitration decision. The Fourth Circuit has made clear that the provisions of 9 U.S.C. § 10(a) "permit challenges on sufficiently improper conduct in the course of the proceedings; they do not permit rejection of an arbitral award based on disagreement with the particular result the arbitrators reached." *Remmey,* 32 F.3d at 146. Losing parties in arbitration, as Plaintiff here, "may not seek a 'second bite at the apple' simply because they desire a different outcome." *Id.* Plaintiff's dissatisfaction with the arbitration result, without more, is plainly inadequate to overcome the great deference accorded to the Arbitrator's decision. Accordingly, the motion to vacate the arbitration decision will be denied.

### C. Administrative Costs

■■ Arbitration must provide "an adequate and accessible substitute forum in which to resolve [the claimant's] statutory rights." *Bradford v. Rockwell Semiconductor Sys., Inc.,* 238 F.3d 549, 556 (4th Cir.2001); *see also Murray v. United Food and Commercial Workers Int'l Union,* 289 F.3d 297, 302 (4th Cir.2002). In determining "whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation," the district court focuses, *inter alia,* "upon the claimant's ability to pay the arbitration fees and costs." *Bradford,* 238 F.3d at 556 (concluding that "proper inquiry is a case-by-case analysis"). Indeed, as the Supreme Court has recognized, "the existence of large arbitration costs could preclude a litigant... from effectively vindicating her federal statutory rights in the arbitral forum." *Green Tree Fin. Corp.—Alabama v. Randolph,* 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

■ In the instant case, Plaintiff properly raised and supported her objections to the "fee-splitting provision" in the arbitration agreement "prior to the beginning of arbitration." *Bradford,* 238 F.3d at 559 n. 7.[5] This court found that Plaintiff had "forecast evidence of true financial burden." Paper 21 at 7. To ensure "Plaintiff's access to the arbitration forum" (Defendants, after all, had moved to compel arbitration), Pep Boys "represent[ed] to the Court" that it would "assume the cost of the arbitrator's fees as well as arbitration expenses in excess of $150.00 which are not otherwise reduced or waived by the American Arbitration. Association."

---

4. Typical of Plaintiff's arguments is this contention: "The Arbitrator Erred in Disregarding the Evidence and Testimony Which Shows that a Ball Shaped Object Was Thrown by a Pep Boys Employee at Ms. Rivera's Buttocks." Paper 24 at 10.

5. The fee-splitting provision is contained in the employment arbitration agreement signed by Plaintiff. *See* Paper 24, Ex. 2.

Paper 16 at 3, 5.[6] The court noted that the promise by Pep Boys, as Plaintiff's employer, "to pay all costs and fees above $150" mooted Plaintiff's argument about potentially prohibitive arbitration costs. Paper 21 at 7.[7] Where the financial status of an employee plaintiff renders arbitration fees onerous or unreasonable, "the district court should accept the [employer's] offer to pay the arbitration fees." *Dobbins v. Hawk's Enters.*, 198 F.3d 715, 717 (8th Cir.1999). This court did precisely that here, with regard to Pep Boys' offer to pay all arbitration costs, as a condition to granting the motion to compel arbitration.

Pep Boys' attempt to recover arbitration costs and fees now, after expressly promising to shoulder those expenses, is disingenuous and cannot stand. Indeed, given the plain language of that promise, the court struggles to understand the assertion by Pep Boys that "dismissal [of Plaintiff's complaint] was not conditioned upon any specific action to be taken" by them. Paper 24, Ex. 13 at 2. Just as an employee plaintiff "cannot plead prohibitive costs on the one hand and then reject [the employer's] offer to pay all costs" on the other, *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 557 n. 3 (7th Cir.2003), neither can Pep Boys compel Plaintiff into

arbitration—its desired forum—by promising to pay all administrative costs above $150.00 and then saddling her with those costs after the proceedings. The court rejects such a "heads-I-win-tails-you-lose" maneuver.[8]

Pep Boys finds itself in the position to recover, however, only because the Arbitrator ordered Plaintiff to bear all administrative fees and expenses arising from the arbitration—to compensate her and the AAA, and to "reimburse" Pep Boys. Paper 24, Ex. 11 at 2. Assuming *arguendo* the Arbitrator was unaware of Pep Boys' offer to pay the arbitration costs, an integral factor in this court's prior decision, Plaintiff conveyed this information—and attached a copy of the court's opinion—in her motion before the Arbitrator to reconsider and vacate the arbitration award. *See* Paper 24, Ex. 12 at 3. Although judicial review of an arbitration award is fairly narrow, the district court may "set aside an award that it found to contradict the plain language of the agreement" between the parties. *Norfolk and Western Ry. Co. v. Transp. Communications Int'l Union,* 17 F.3d 696, 700 (4th Cir.1994). The agreement between Plaintiff and Pep Boys here was clear and unconditional: Pep Boys would pay *all* arbitration costs and expenses over $150.00 in order to ensure

---

6. The rules of the AAA "now limit the filing fee an employee must pay to $125," while the employer pays all other fees. Paper 21 (Memorandum Opinion) at 4.

7. Although neither the Fourth Circuit nor the District of Maryland apparently has addressed this scenario, a number of other circuits have held that an employer's offer to pay all arbitration costs effectively moots the prohibitive expense issue. *See, e.g., Large v. Conseco Fin. Servicing Corp.,* 292 F.3d 49, 56–57 (1st Cir. 2002); *Blair v. Scott Specialty Gases,* 283 F.3d 595, 610 (3d Cir.2002); *Carter v. Countrywide Credit Indus., Inc.,* 362 F.3d 294, 300 (5th Cir.2004); *Livingston v. Assocs. Fin., Inc.,* 339 F.3d 553, 557 (7th Cir.2003).

8. This improper maneuver is akin to the equitable doctrine of judicial estoppel, which "prevents a party who has successfully taken a position in one proceeding from taking the opposite position in a subsequent proceeding" and thus functions "to protect the integrity of the judicial system." *King v. Herbert J. Thomas Mem'l Hosp.,* 159 F.3d 192, 196 (4th Cir. 1998), *cert. denied,* 526 U.S. 1098, 119 S.Ct. 1576, 143 L.Ed.2d 671 (1999). That is, "the courts apply judicial estoppel to prevent a party from benefiting itself by maintaining mutually inconsistent positions regarding a particular situation." *Id.*

that the arbitral forum would hear and resolve Plaintiff's claims. Because the Arbitrator did not enforce this promise, the arbitration award is both contradictory and irrational. Accordingly, the motion to vacate the arbitration award will be granted.[9]

## IV. Conclusion

For the foregoing reasons, the court will grant Plaintiff's motion to reopen the case, will deny in part and grant in part the motion to vacate the arbitration award.

---

**9.** Pep Boys noted that it had sought recovery of costs in the amount of $7,911.37—for "witness fees, deposition and hearing transcripts and interpreter costs"—but the Arbitrator denied its efforts. Paper 26 at 11 n. 6. Because Pep Boys has not cross-moved to vacate the arbitration decision, this court need not consider the issue of recovery for such costs. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 480 n. 3, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999); *Altizer v. Deeds*, 191 F.3d 540, 542 n. 3 (4th Cir.1999).