Zobrist, etc. Verizon Wireless, et al.

(text box: 1) NO. 5-03-0691

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

DAWN M. ZOBRIST, Individually and on )  Appeal from the

Behalf of Others Similarly Situated, )  Circuit Court of

)  Madison County.

     Plaintiff-Appellee, )

)

)  No. 02-L-1088

)

VERIZON WIRELESS and VERIZON )

COMMUNICATIONS, INC., ) 

) 

     Defendants, ) 

)

and )

)

CELLCO PARTNERSHIP, )  Honorable

)  Nicholas G. Byron,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

This appeal stems from the trial court's October 7, 2003, order denying the defendants' motion to compel arbitration and stay judicial proceedings.  The contract provision at issue provides that the majority of the claims between the parties "shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('Rules')" and that "[a] judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction."  The trial court essentially concluded that the arbitration clause at issue was unenforceable and unconscionable and, further, that the parties had intended that claims for small amounts should be litigated in small claims court.  This appeal is before this court pursuant to Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), because the motion denied sought injunctive relief.

Verizon Wireless
(footnote: 1) is a provider of various wireless services, including cellular phone services.  To become a Verizon customer, Verizon required each prospective customer to sign a Verizon contract.  The typical Verizon contract was for a 12- or 24-month service term.  If the Verizon customer decided for whatever reason to terminate the contract before the service term's natural expiration, the Verizon contract in question required the Verizon customer to pay a $175 early cancellation penalty.  There was no sliding scale relative to cancellation of the Verizon contract.  In other words, regardless of when the contract was canceled, the fee was $175.  

The Verizon contract also contained an arbitration clause, stating as follows:

"Any controversy or claim arising out of or relating to this Agreement, other than a claim by Verizon Wireless as to non[]payment, shall be settled by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('Rules'), and judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction.  Each party shall bear their own costs of arbitration[] and shall split the cost of the arbitrator between them."

Dawn M. Zobrist was a Verizon customer beginning in July 2001, at which time she elected to enter into a two-year service plan.  She terminated her relationship with Verizon in March 2002.  Because she did not complete her two-year service plan, Verizon billed her the $175 cancellation penalty in her final, April 2002 statement.  Dawn M. Zobrist (the plaintiff) paid this cancellation penalty "under protest."  

On August 9, 2002, the plaintiff brought a lawsuit against Verizon.  She sued individually and as the representative of a purported class of similarly situated individuals.  Specifically, the plaintiff's proposed class included "[a]ll persons in Illinois who were billed an 'Early Cancellation Fee' (or substantially similar termination or cancellation fee) by Verizon Wireless when they cancelled their agreement before the end of its Service Term."  Specifically excluded from this purported class were "the Verizon Wireless defendants, any entity in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of their immediate families[,] and members of the Illinois state court judiciary and their immediate families."

A first amended complaint was filed on March 14, 2003.  One week later, Verizon filed a motion to compel arbitration and stay judicial proceedings.  On October 7, 2003, the trial court denied the motion without holding an evidentiary hearing.  Verizon appeals that order.  That order thoroughly detailed the trial court's rationale.  The trial court found the arbitration clause to be unenforceable because the proposed class action sought to have claims decided that went beyond the dictates of the arbitration clause and would thwart the plaintiff's right to obtain attorney fees pursuant to the Illinois Consumer Fraud and Deceptive Business Practice Act (815 ILCS 505/1 
et seq.
 (West 2000)) and because arbitration of the plaintiff's claims would be prohibitively expensive.  The trial court also found the arbitration clause to be both procedurally and substantively unconscionable.  The procedural unconscionability was found in the fact that the arbitration clause was within a brochure separate from the cellular contract the plaintiff signed.  The trial court concluded that the arbitration clause was substantively unconscionable because it was one-sided and harsh.  Finally, the trial court concluded that the language of the contract supported the conclusion that the parties intended for claims of this type to be litigated in small claims court.  

Thereafter, Verizon filed a motion to reconsider this order in the trial court, on the bases that it had no notice that the court's order had been drafted by counsel for the plaintiff and that it had been denied an opportunity to respond to and point out substantive errors contained within the order.  The trial court has not yet ruled upon this motion.

In an appeal from a denial of a motion to compel arbitration without an evidentiary hearing, the standard of review is 
de novo
.  
Travis v. American Manufacturers Mutual Insurance Co.
, 335 Ill. App. 3d 1171, 1174, 782 N.E.2d 322, 325 (2002).

In 1925, Congress enacted the Federal Arbitration Act (FAA) (now 9 U.S.C. §1 
et seq.
 (2000)) " 'to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts[] and to place arbitration agreements upon the same footing as other contracts.' "  
Borowiec v. Gateway 2000, Inc.
, 209 Ill. 2d 376, 384, 808 N.E.2d 957, 962 (2004) (quoting 
Gilmer v. Interstate/Johnson Lane Corp.
, 500 U.S. 20, 24, 114 L. Ed. 2d 26, 36, 111 S. Ct. 1647, 1651 (1991)).  The FAA provides:

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction *** shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. §2 (2000).

Section 4 of the FAA provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement.  9 U.S.C. §4 (2000).  Generally speaking, the arbitration agreement's own language defines the scope of disputes subject to arbitration.  See 
Mastrobuono v. Shearson Lehman Hutton, Inc.
, 514 U.S. 52, 57, 131 L. Ed. 2d 76, 84, 115 S. Ct. 1212, 1216 (1995); 
Equal Employment Opportunity Comm'n v. Waffle House, Inc.
, 534 U.S. 279, 289, 151 L. Ed. 2d 755, 766, 122 S. Ct. 754, 762 (2002).  "While ambiguities in the language of the agreement should be resolved in favor of arbitration [citation], we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated."  
Waffle House, Inc.
, 534 U.S. at 294, 151 L. Ed. 2d at 769, 122 S. Ct. at 764.

In 
Doctor's Associates, Inc. v. Casarotto
, 517 U.S. 681, 134 L. Ed. 2d 902, 116 S. Ct. 1652 (1996), the United States Supreme Court explained the preemptive effect of the FAA:

" '[S]tate law, whether of legislative or judicial origin, is applicable 
if
 that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally.  A state-law principle that takes its meaning precisely from the fact that a contract to arbitrate is at issue does not comport with [the text of §2].'  [Citation.]"  (Emphasis in original.)  
Doctor's Associates, Inc.
, 517 U.S. at 685, 134 L. Ed. 2d at 907, 116 S. Ct. at 1655.

While the Supreme Court stresses the point that federal FAA policy favors the enforcement of valid arbitration agreements (
Gilmer
, 500 U.S. at 24-25, 114 L. Ed. 2d at 36, 111 S. Ct. at 1651), the Court has been equally clear that a party can be forced into arbitration only if he or she has in fact entered into a valid, enforceable contract waiving his or her right to a judicial forum.  
AT&T Technologies, Inc. v. Communications Workers of America
, 475 U.S. 643, 648, 89 L. Ed. 2d 648, 655, 106 S. Ct. 1415, 1418 (1986).  Whether the parties actually agreed to arbitrate is determined pursuant to state-law contract principles.  
Penn v. Ryan's Family Steak Houses, Inc.
, 269 F.3d 753, 758-59 (7th Cir. 2001); 
Gibson v. Neighborhood Health Clinics, Inc.
, 121 F.3d 1126, 1130 (7th Cir. 1997).  The Supreme Court confirmed that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [the FAA]."  
Doctor's Associates, Inc.
, 517 U.S. at 687, 134 L. Ed. 2d at 909, 116 S. Ct. at 1656.

More recently, the United States Supreme Court decided 
Green Tree Financial Corp. v. Bazzle
, 539 U.S. 444, 156 L. Ed. 2d 414, 123 S. Ct. 2402 (2003).  The Supreme Court addressed the South Carolina state court decision ordering class arbitration in the context of an arbitration agreement that was silent about whether class arbitration was forbidden or allowed, holding that whether the agreement allowed or forbade class arbitration was a question for the arbitrator to decide.  
Green Tree Financial Corp.
, 539 U.S. at 451, 156 L. Ed. 2d at 422, 123 S. Ct. at 2407.  Certain limited arbitration matters, however, are to be decided by the court.  Those matters "include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy."  
Green Tree Financial Corp.
, 539 U.S. at 452, 156 L. Ed. 2d at 422, 123 S. Ct. at 2407. 

ISSUES

Arbitrability of Claims at Issue

We agree with the initial premise set forth by Verizon in its appeal–that there is a strong presumption in favor of enforcing arbitration agreements.  Verizon then argues that the trial court erred in holding that the arbitration clause did not encompass all the plaintiff's claims and that the parties intended for the arbitrator to decide the arbitrability of the claims the plaintiff raised.  

Generally speaking, the matter of whether or not a type of claim can be arbitrated is a question for the courts–not for the arbitrator.  
Green Tree Financial Corp.
, 539 U.S. at 452, 156 L. Ed. 2d at 422, 123 S. Ct. at 2407.  The courts can determine the issue of arbitrability and compel arbitration when " 'the language of the arbitration agreement is clear[] and it is apparent that the dispute sought to be arbitrated falls within the scope of the arbitration clause.' "  
Salsitz v. Kreiss
, 198 Ill. 2d 1, 9, 761 N.E.2d 724, 728 (2001) (quoting 
Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr
, 124 Ill. 2d 435, 445, 530 N.E.2d 439, 443 (1988)).  Similarly, if it is clear that the claim is not subject to arbitration, then the trial court should not hesitate to conclude that arbitration cannot be compelled.  " 'The paramount factor in determining the parties' intention is the scope of the arbitration clause in the contract.' "  
Salsitz
, 198 Ill. 2d at 9, 761 N.E.2d at 728 (quoting 
Barr
, 124 Ill. 2d at 445, 530 N.E.2d at 443).  

Whether or not the trial court should compel arbitration becomes complicated in cases where the language contained within the arbitration clause is broad and it is unclear whether the subject matter of the dispute falls within the scope of the arbitration agreement.  
Salsitz
, 198 Ill. 2d at 9, 761 N.E.2d at 728-29.  The Illinois Supreme Court concluded that in situations where there is some question regarding whether the issue fits within the broad confines of the arbitration clause, "the question of substantive arbitrability should initially be decided by the arbitrator."  
Barr
, 124 Ill. 2d at 448, 530 N.E.2d at 445.  The court determined that this conclusion is in keeping with the intent of the drafters of the Uniform Arbitration Act (Ill. Rev. Stat. 1985, ch. 10, par. 101 
et seq.
 (now see 710 ILCS 5/1 
et seq.
 (West 2002))).  
Barr
, 124 Ill. 2d at 450, 530 N.E.2d at 446.  Even so, the arbitrator's decision of arbitrability is subject to the court's ultimate determination of arbitrability.  
Barr
, 124 Ill. 2d at 450-51, 530 N.E.2d at 446.

We turn to the arbitration issue in this case.  Other than claims brought by Verizon for nonpayment, the parties explicitly agreed to arbitrate "[a]ny controversy or claim arising out of or relating to this Agreement."  A clause of this type, including language such as the word "any," is "about as broad as one can conceive."  
Caudle v. Sears, Roebuck & Co.
, 245 Ill. App. 3d 959, 967, 614 N.E.2d 1312, 1318 (1993).  

The trial court concluded that because the arbitration agreement called for each party to bear his or her own costs, there was no vehicle by which the arbitrator could ever award a prevailing plaintiff his or her attorney fees.  In count II of her complaint, the plaintiff sought relief in the trial court pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, which provides for the possibility of an award of attorney fees.  815 ILCS 505/10a(c) (West 2000).  

Verizon generally counters with the argument that the term "any" actually means any claim and that, therefore, its clause must necessarily include Illinois Consumer Fraud and Deceptive Business Practices Act claims for attorney fees as well.  Verizon makes several detailed arguments, which we reduce to the following sentences for the sake of brevity. Verizon contends that even if there was an arbitrability question about count II of the plaintiff's complaint, there was no question that count I, which alleged a simple breach-of-contract claim, was subject to the broad language used in its clause and, further, that a breach-of-contract claim would not call for attorney fees anyway.  Verizon also argues that its arbitration clause only mentions the splitting of costs and that because it makes no mention of attorney fees, the plaintiff could conceivably be awarded attorney fees by an arbitrator on her Illinois Consumer Fraud and Deceptive Business Practices Act claim.  Verizon further explains this argument by pointing out that it is far from certain that the word "costs" includes "attorney fees," because even the Illinois Consumer Fraud and Deceptive Business Practices Act treats the two terms differently.  Verizon additionally contends that it waived its right to enforce the arbitration clause cost-splitting provision and that, in any event, the American Arbitration Association's consumer supplement caps the plaintiff's responsibility for arbitration costs at $125 and affords the arbitrator the discretion to reduce that amount to zero.

The plain language of the arbitration clause appears to encompass the breach-of-contract claim advanced by the plaintiff.  At issue is whether the other claim is potentially subject to the arbitration clause, so that the question should have initially been decided by the arbitrator as well.  We conclude that this case presents precisely the type of broad arbitration language discussed by the Illinois Supreme Court in 
Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr
 and that there is at least some question regarding whether the issues in this case fit within that broad language.  Therefore, we conclude that the question of substantive arbitrability should initially be decided by an arbitrator.  We recognize that this decision has the potential of returning to our court and that, therefore, we might yet have to address the issues raised by the parties.  However, this is not the time in which we should do so.  Arbitration is favored, and this decision is in keeping with the intent of the Uniform Arbitration Act (710 ILCS 5/1 
et seq.
 (West 2002)), as expressed by the supreme court in 
Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr
.

Excessive Costs

The trial court also concluded that the arbitration clause was invalid because of the excessive costs the plaintiff would incur to arbitrate her claim.  

A party opposing arbitration on the ground that arbitration would be excessively expensive bears the burden of demonstrating that he or she will likely incur prohibitive costs.  
Livingston v. Associates Finance, Inc.
, 339 F.3d 553, 557 (7th Cir. 2003) (relying on 
Green Tree Financial Corp.–Alabama v. Randolph
, 531 U.S. 79, 92, 148 L. Ed. 2d 373, 384, 121 S. Ct. 513, 522 (2000)).  We find that in this particular factual setting, the excessive-costs argument was improperly utilized as a foundation for declaring that the agreement was invalid.  The costs to the plaintiff for arbitration will be limited by the cap to be applied by the American Arbitration Association, and the cap might even be lowered to zero.  Furthermore, Verizon has already stipulated to a waiver of this provision, which, in effect, serves to moot the plaintiff's argument.  See 
Livingston
, 339 F.3d at 557.  Even if Verizon's offer would not moot the argument, imposing some of the costs of arbitration on the consumer does not automatically render the arbitration agreement inherently unconscionable.  
Green Tree Financial Corp.–Alabama
, 531 U.S. at 91-92, 148 L. Ed. 2d at 384, 121 S. Ct. at 522-23.  We also note that the plaintiff incurred costs in filing this suit.  The amount of the cancellation fee the plaintiff incurred was $175 regardless of the manner in which this claim was approached–either by arbitration or by litigation.  Finally, we note that the American Arbitration Association consumer supplement provided the plaintiff with the right to bring claims against Verizon that were for less than $5,000 in a small claims court, rather than before an arbitrator.  For these reasons, we conclude that the excessive-costs argument was insufficient to invalidate the arbitration agreement in this case.

Unconscionability

We will address the plaintiff's alternative arguments in support of an invalidation of the arbitration clause, with which the trial court agreed.  See 
Bess v. DirecTV
, 351 Ill. App. 3d 1148, 1156, 815 N.E.2d 455, 461 (2004).

A contract is deemed unconscionable when it is "improvident, oppressive, or totally one-sided [citation], but mere disparity of bargaining power is not sufficient grounds to vitiate contractual obligations [citations]."  
Streams Sports Club, Ltd. v. Richmond
, 99 Ill. 2d 182, 191, 457 N.E.2d 1226, 1232 (1983).  Unconscionability has two facets–one that is procedural and one that is substantive.  
Basselen v. General Motors Corp.
, 341 Ill. App. 3d 278, 288, 792 N.E.2d 498, 507 (2003).

"Procedural unconscionability consists of some impropriety during the process of forming the contract depriving a party of a meaningful choice.  [Citations.]  Factors to be considered are all the circumstances surrounding the transaction including the manner in which the contract was entered into, whether each party had a reasonable opportunity to understand the terms of the contract, and whether important terms were hidden in a maze of fine print; both the conspicuousness of the clause and the negotiations relating to it are important, albeit not conclusive factors in determining the issue of unconscionability."  
Frank's Maintenance & Engineering, Inc. v. C. A. Roberts Co.
, 86 Ill. App. 3d 980, 989-90, 408 N.E.2d 403, 410 (1980). 

Substantive unconscionability, on the other hand, "relates to situations where a clause or term in a contract is allegedly one-sided or overly harsh."  
Bishop v. We Care Hair Development Corp.
, 316 Ill. App. 3d 1182, 1196, 738 N.E.2d 610, 621 (2000).   

Before a court can invalidate an arbitration clause on unconscionability grounds, the clause must be found to be both procedurally and substantively unconscionable.  
Basselen
, 341 Ill. App. 3d at 288, 792 N.E.2d at 507; see also 
Rosen v. SCIL, LLC.
, 343 Ill. App. 3d 1075, 1081, 799 N.E.2d 488, 493 (2003).  The court in 
Basselen
 explained:

"Both elements of unconscionability must be met before a contract or 
clause will not be enforced.  Obviously, if a defendant fraudulently inserts into a contract a clause that is beneficial to a plaintiff, the plaintiff has not been harmed and there is no need to strike the clause.  On the other hand, if a plaintiff knowingly and freely assents to a clause that works a substantial disadvantage against the plaintiff, he or she cannot be later heard to complain of the clause.  The plaintiff has simply made a bad deal.  Thus, unless both the clause has made its way into a contract in some untoward manner and the clause works some substantial detriment to the opposing party, the clause is not unconscionable and will be enforced."  
Basselen
, 341 Ill. App. 3d at 288, 792 N.E.2d at 507.

The best method of weighing procedural and substantive unconscionability is to use a sliding scale as adopted in 
Ting v. AT&T
, 319 F.3d 1126 (9th Cir. 2003).  As stated in 
Ting v. AT&T
, " '[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' "  
Ting
, 319 F.3d at 1148 (quoting 
Armendariz v. Foundation Health Psychcare Services, Inc.
, 24 Cal. 4th 83, 114, 99 Cal. Rptr. 2d 745, 767-68, 6 P.3d 669, 690 (2000)).

In this case, the trial court concluded that the arbitration clause was procedurally unconscionable because Verizon's clause was contained within a brochure separate from the actual contract documents the plaintiff signed and because the plaintiff lacked any meaningful choice with respect to the clause.  The trial court also concluded that the arbitration clause was substantively unconscionable because it is "one-sided and overly harsh."  The one-sided aspect of this argument is that Verizon is not required to arbitrate any claims it might have had against the plaintiff for nonpayment on her account.

Essentially, the procedural portion of the trial court's unconscionability order relates to the fact that Verizon is a large corporate entity utilizing a standardized contract.  That fact alone does not automatically make a provision unconscionable.  In Illinois, just because a contract is presented by a party in a superior bargaining position without allowing the other party to negotiate any contract terms does not necessarily mean that the included arbitration clause is unconscionable.  
Koveleskie v. SBC Capital Markets, Inc.
, 167 F.3d 361, 367 (7th Cir. 1999) (citing 
Kewanee Production Credit Ass'n v. G. Larson & Sons Farms, Inc.
, 146 Ill. App. 3d 301, 305, 496 N.E.2d 531, 534 (1986)).  A take-it-or-leave-it provision in a standardized contract does not require a court to reach the conclusion that the provision is unconscionable.  Fraud or other similar wrongdoing in the procurement of the agreement must be established in order to invalidate the clause as unconscionable.  
Koveleskie
, 167 F.3d at 367.  In its order, the trial court presumes fraud simply because the plaintiff included such an allegation in her complaint and because her attorneys argued the point in response to Verizon's motion to compel arbitration.  From our review of the record on appeal, there was no evidence of fraudulent conduct on Verizon's part in its inclusion of the arbitration provision presented to the trial court.  The burden of proving that the provision is unconscionable was upon the plaintiff.  
Shearson/American Express, Inc. v. McMahon
, 482 U.S. 220, 225-26, 96 L. Ed. 2d 185, 193, 107 S. Ct. 2332, 2337 (1987).  We conclude that there was no foundation in law or in fact for the trial court's conclusion that the arbitration provision at issue was procedurally unconscionable.

The trial court found this arbitration clause to be substantively unconscionable because the clause lacked mutuality.  The trial court noted, "[T]he Arbitration Clause requires Plaintiff to settle every claim by arbitration, including claims for less than $175.00, but does not require Verizon to arbitrate its claims against Plaintiff."  Initially, we note that this statement is factually inaccurate because the agreement only exempts Verizon from arbitration in account-nonpayment matters.  Furthermore, the American Arbitration Association's consumer supplement provides that irrespective of Verizon's arbitration clause, the plaintiff is allowed to bring any claim against Verizon, for an amount less than $5,000, in small claims court.  Additionally, the lack of identical arbitration provisions is not a ground for an automatic invalidation of the arbitration clause.  
Bishop
, 316 Ill. App. 3d at 1198, 738 N.E.2d at 622-23.  The relevant issue is whether the contract is otherwise supported by mutual consideration.  
Bishop
, 316 Ill. App. 3d at 1198, 738 N.E.2d at 622-23.  In 
Bishop v. We Care Hair Development Corp.
, while the parties did not have identical arbitration obligations in that the defendant was allowed to litigate a certain type of claim, the court concluded that there still was a mutual promise to arbitrate and that this promise was "sufficient consideration."  
Bishop
, 316 Ill. App. 3d at 1198, 738 N.E.2d at 623.  In support of the substantive unconscionability decision, the trial court relied upon 
Lopez v. Plaza Finance Co.
, No. 95-C-7567 (N.D. Ill. April 25, 1996) (memorandum opinion and order), a 1996 United States district court memorandum opinion and order.  While this decision is not specifically designated as an unpublished order, it has never been published in a reporter.  To the extent that the case is an unpublished order, United States Court of Appeals for the Seventh Circuit Rule 53(b)(2)(iv)(b) states that the case shall not be cited as precedent "by any such court for any purpose."  28 U.S.C.A. Ct. App. 7th R. 53(b)(2)(iv)(b) (2000).  In any event, 
Lopez v. Plaza Finance Co.
 is distinguishable because the party seeking to compel arbitration reserved the right to litigate all the claims that it might bring against the plaintiff.  On that basis, the United States District Court for the Northern District of Illinois concluded that the mutuality of obligation was illusory.  We conclude that there was mutual consideration for the arbitration clause and that, therefore, the arbitration clause at issue is not substantively unconscionable.

Because we find error in the trial court's findings that Verizon's arbitration clause was both procedurally and substantively unconscionable, we do not need to apply the 
Ting v. AT&T
 sliding scale.

Litigation of Statewide Class Action Claims in Small Claims Court

In the order denying Verizon's motion to compel arbitration, the court states that a basis for its decision is that the American Arbitration Association Supplementary Procedures for Consumer-Related Disputes (eff. March 1, 2002) indicate that the plaintiff has the ability to file a small claims suit if the amount at issue is less than $5,000 and that therefore the parties contemplated that claims of this nature should be resolved in court.  The court goes on to point out that the Code of Civil Procedure provides that class actions can be brought in "any court" of the state.  735 ILCS 5/2-801 (West 2000).  Since the amount at issue in the plaintiff's case is only $175 and because no class member's claim would be more than $175, the court notes that the jurisdictional limits of the small claims courts of Illinois were satisfied.  166 Ill. 2d R. 281.  The court indicated, "The court clerk assigned the case a law division case number because, administratively, the Circuit Court of Madison County has decided that judges in the law division will resolve class actions."  However, the court noted, "The judge assignment does not change the nature of Plaintiff's claim[:] undeniably, a 'small claim.' "

Without getting into the legality of whether a class action of this type can be maintained in an Illinois small claims court when the aggregate amount to be potentially awarded both in damages and in attorney fees far exceeds the $5,000 jurisdictional limits, we find that the argument as stated in this case must fail.  From a review of the pleadings in this case, it is clear that this case was never designed to be a small claims suit–irrespective of the plaintiff's claims at this time.  The complaint drafted by her attorneys was labeled a law division claim.  It appears that the court clerk did not unilaterally assign an "L" number to this case.  The original typewritten complaint already contained the "L" designation before it ever made it to the court clerk.  The court clerk merely took the pleading, the requisite "L" associated filing fees, and assigned the case a number within its "L" division.  Whether or not Madison County has some special procedural rule that all class actions must be filed under an "L" designation is not evidenced in this record.  Even if Madison County has such an internal rule, the plaintiff's intent, as contained within her pleadings, is what carries the most weight on this matter.  In addition to the law division designation she and her attorneys chose, the plaintiff also inserted an allegation in her complaint with the purpose of keeping this case out of federal court, by indicating that her individual claim was worth less than $75,000.  This allegation is in a section entitled "JURISDICTION AND VENUE."  This section would have been an appropriate part of her complaint in which to assert that all she was seeking was an amount less than $5,000.  

On the basis of what pleadings were filed, we find that the plaintiff did not file her case as a small claims suit.  We do not address the merits of the larger question.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County, and pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we hereby grant Verizon's motion to compel arbitration and stay judicial proceedings.

Reversed; order entered.

HOPKINS and CHAPMAN, JJ., concur.

                                      NO. 5-03-0691

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

DAWN M. ZOBRIST, Individually and on )  Appeal from the

Behalf of Others Similarly Situated, )  Circuit Court of

)  Madison County.

     Plaintiff-Appellee, )

)

)  No. 02-L-1088

)

VERIZON WIRELESS and VERIZON )

COMMUNICATIONS, INC., ) 

) 

     Defendants, ) 

)

and )

)

CELLCO PARTNERSHIP, )  Honorable

)  Nicholas G. Byron,

     Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: December 29, 2004 

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Terrence J. Hopkins, J., and

Honorable Melissa A. Chapman, J.,

Concur

___________________________________________________________________________________

Attorneys
 Kimball R. Anderson, David E. Koropp, Catherine L. Crisham, Winston & Strawn,

for
 LLP, 35 West Wacker Drive, Chicago, IL 60601; Larry E. Hepler, Wayne Skigen,

Appellant
 Burroughs, Hepler, Broom, MacDonald, Hebrank & True, Two Mark Twain Plaza,

103 West Vandalia Street, Suite 300, Edwardsville, IL 62025-0510

___________________________________________________________________________________

Attorneys
 Charles W. Chapman, Charles W. Chapman, Chartered, 300 Evans Ave., Wood

for
 River, IL 62095; Paul M. Weiss, Tod A. Lewis, Freed & Weiss, LLC, 111 West

Appellee
 Washington Street, Suite 1331, Chicago, IL 60601; L. Thomas Lakin, Bradley M.

Lakin, Richard J. Burke, The Lakin Law Firm, P.C.; 300 Evans Ave., Wood River,

IL 62095; Malik R. Diab, Phillip A. Bock, Diab & Bock, 444 N. Wells Street, Suite

301, Chicago, IL 60610

___________________________________________________________________________________

FOOTNOTES
1:
Rather than differentiate among the three defendants in this case–Verizon Wireless, Cellco Partnership, and Verizon Communications, Inc.–we will simply refer to the defendants throughout this opinion as Verizon Wireless or Verizon.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 12/29/04.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.