### CONTINENTAL INSURANCE COMPANY, Plaintiff,

v.

**Cheryl A. PIPHER, individually and as Administratrix of the Estate of Paul R. Pipher, II, and as Guardian Ad Litem of Sonya M. Pipher and Paul R. Pipher, III, Ruth H. Naton, Raymond Naton, Raymond Naton as Guardian Ad Litem of Eric Naton, Karen J. Durnan, and David Durnan, Defendants.**

Civil Action No. 95–101 MMS.

United States District Court, D. Delaware.

Aug. 2, 1996.

Donald M. Ransom, of Casarino, Christman & Shalk, Wilmington, Delaware, for plaintiff.

David Roeberg, of Roeberg, Moore & Associates, P.A., Wilmington, Delaware, for Pipher defendants.

Francis G.X. Pileggi, of Pileggi, Pileggi & Pileggi, Wilmington, Delaware, for Naton defendants.

F. Alton Tybout, of Tybout, Redfearn & Pell, Wilmington, Delaware, for Durnan defendants.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

### I. Introduction

The motions before the Court arise out of an interpleader action commenced by plaintiff Continental Insurance Company ("Continental"). Docket Item ("D.I. 1"). As a result of an accident caused by one of its insureds, fourteen claimants filed competing claims for the insurance proceeds of $300,000. In order to avoid these conflicting claims, Continental commenced an interpleader and declaratory judgment action against all fourteen defendants, of which three now remain (collectively, "defendants"). One group of defendants, the "Pipher Defendants," filed a motion to dismiss Continental, the sole party-plaintiff, on May 22, 1996. D.I. 79. Continental has filed a motion to amend and for stay, seeking to delete language from its original pleading which states that Continental has "no beneficial interest" in the interpleaded funds. D.I. 81. For reasons which appear below, plaintiff's motion to amend will be granted and the Pipher Defendants' motion to dismiss Continental as plaintiff will be granted.

### II. Factual Background

On August 17, 1994, William J. Burr, one of Continental's insureds, was operating a motor vehicle in Wilmington, and struck a vehicle operated by defendant Paul R. Pipher, II. *Id.* ¶ 22. After the collision, three other vehicles were struck. *Id.* Continental's liability coverage for its insured provides for the maximum amount of $300,000 per incident. *Id.* ¶ 24. Fourteen claimants against Continental emerged as a result of the collision. On February 17, 1995, Continental filed a complaint for interpleader and declaratory relief against fourteen defendants. In its complaint, Continental alleged, *inter alia:*

24. The plaintiff has received claims for the policy proceeds and may receive additional claims.

25. *The plaintiff claims no beneficial interest in said sum of $300,000, but is a mere stakeholder.*

26. By reason of the conflicting claims of the Defendants, the Plaintiff can not determine which of the defendants are entitled to which portion of the proceeds of said policy. The plaintiff cannot pay any part of the amount due on the said sum without danger of being compelled to pay said sum to each of the defendants herein.

D.I. 1 (emphasis added). Thereafter, an order was entered permitting payment of the $300,000 policy limit into the Registry of the Court. D.I. 2. Ultimately, only three sets of defendants, the Pipher Defendants, the Naton Defendants, and the Durnan Defendants, remained as claimants to the $300,000. D.I. 79, ¶ 6. Subsequently, all defendants agreed among themselves to divide the proceeds as follows: $277,500 to the Pipher Defendants and $11,250 each to Naton and the Durnan Defendants.[1] D.I. 83; D.I. 84.

On April 22, 1996, Continental objected to disbursement of the funds in accordance with the proposed agreement among the surviving interpleaded defendants. Ultimately, to move the matter off center and obtain a judicial resolution, the Pipher Defendants moved to dismiss Continental from the case. D.I. 79. In its response, Continental moved to amend the complaint by deleting paragraph 25 in order to clarify that Continental maintains an interest in the fund to the extent necessary to secure releases for its insured in exchange for payment of the policy proceeds, or as necessary to withhold disbursement until defendants have demonstrated their legal entitlement to the policy proceeds. D.I. 81, ¶ 5. In addition, Continental seeks a stay until such time as either (1) defendants provide a release; (2) the statute of limitations runs, in August, 1996, (with presumably no defendant having filed suit against Continental's insured); or (3) defendants reduce their claims to judgment in a court of competent jurisdiction.

## III. Analysis

### A. *Motion to Amend Complaint*

Rule 15 of the Federal Rules of Civil Procedure embodies the liberal pleading philosophy of the federal rules. It allows a party to amend his complaint once as a matter of right, and afterward, a "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). *See J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 613 (3d Cir.1987). A district court has the discretion to grant or deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, the district court may not deny leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*

In this case, there is nothing in the record to suggest that Continental acted in bad faith or was motivated by dilatory tactics in bringing this motion to amend. While seventeen months have elapsed since the complaint was filed and there are eighty-two docket entries, there has been little or no discovery. Further, is it not clear that the Pipher Defendants would be prejudiced if Continental were permitted to amend. Continental only seeks to amend its complaint to reflect that it has an interest in protecting its insured, and in furtherance of that interest, wants to maintain a level of control over the disbursement of the funds; *i.e.*, it does not want the funds disbursed except in exchange for signed releases from the three claimants. However, even with the amendment striking paragraph 25, the complaint nonetheless contains no allegation that Continental has a financial interest in the funds.

Continental's motion to amend will be granted. In considering the Pipher Defendants' motion to dismiss plaintiff from the litigation, the complaint will be considered

---

1. The Naton and Durnan Defendants presumably join in the Pipher Defendants' motion to dismiss.

amended to reflect plaintiff's contention that the Court funds should not be disbursed unless plaintiff first receives releases on behalf of its insured.

### B. *Pipher Defendants' Motion to Dismiss Continental as Plaintiff*

■ The issue squarely posed by the Pipher Defendants' motion to dismiss is whether an insurance company, which has filed a complaint in interpleader, in which it claims no financial interest in its policy limit proceeds paid into Court, can avoid dismissal where its only desire is to obtain a release for its insured. This question must be answered in the negative.

Interpleader is designed to protect a stakeholder from the vexation of multiple lawsuits and the possibility of multiple liability that could result from adverse determinations in different courts. 7 Wright & Miller § 1702 (2d ed. 1986). The jurisdictional basis in this interpleader action is diversity of citizenship. 28 U.S.C. § 1335; *see State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967). When a federal court sits in diversity, it must apply state law as the rule of decision. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Federal Ins. Co. v. Areias,* 680 F.2d 962, 963 (3d Cir.1982); *Kerrigan's Estate v. Joseph E. Seagram & Sons, Inc.,* 199 F.2d 694, 697 (3d Cir.1952); *see also* 7 Wright and Miller § 1713 (2d ed. 1986). In this case, *Erie* requires this Court to apply Delaware law.

■ As is so often the case in diversity cases, some issues presented to the Court are issues which have not been addressed by the state's highest court; here, the Supreme Court of Delaware. Where the state's highest court has not spoken to an issue presented, the Court must predict how the state court would resolve the issues should it be called upon to do so. *Wiley v. State Farm Fire & Casualty Co.,* 995 F.2d 457, 459 (3d Cir.1993). The Court would normally be guided by state intermediate appellate decisions, because although not dispositive, they are evidence of state law. *Robinson v. Jiffy Executive Limousine Co.,* 4 F.3d 237, 242 (3d Cir.1993) ("In the absence of a clear pronouncement from the state's highest court, a federal court may consider the decisions of the state's intermediate appellate courts.") (quoting *Burke v. Maassen,* 904 F.2d 178, 182 (3d Cir.1990)); *see also Patterson v. American Bosch Corp.,* 914 F.2d 384, 391 (3d Cir.1990). However, since the Delaware court system does not have intermediate appellate courts, the Court will turn to the Delaware trial court decisions for guidance.

In opposition to the motion to dismiss, Continental argues that interpleaded funds can be deposited into the Court by an interpleader plaintiff who also maintains that it is not liable for the full amount demanded and paid into the court. D.I. 81, ¶ 2. This statement is correct. *Nationwide Mut. Ins. Co. v. Eckman,* 555 F.Supp. 775 (D.Del.1983). However, that is not this case. Continental does not assert that its interest in the interpleaded funds arises out of its entitlement to some of the funds, but rather, its interest arises out of its desire to "protect[ ] its insureds and maintain[ ] a level of control over disbursement of the funds where the claimants refuse to sign releases in exchange for payment of the policy proceeds." D.I. 81, ¶ 4.

Continental relies on *United Servs. Auto. Ass'n Property & Casualty Ins. v. Lacy,* 1991 WL 68905 (Del.Super.Ct. Apr. 11, 1991), *aff'd. sub nom. Johnson v. United Servs. Auto. Ass'n Property & Casualty Ins.,* 604 A.2d 417 (Del.Supr.1991) (unreported order). There, an insurance company deposited its policy limit with the court, interpleading all claimants to the proceeds. The Court ordered disbursement of the funds as stipulated by the claimants, but did not require one of the claimants to release all claims she may have had against the plaintiff. On reargument, the court determined that disbursement was consistent with that claimant's right not to release claims against the tortfeasor, but as to when the claimant is entitled to take her portion of the fund, the court determined that she could not exercise that right "until the pending action against plaintiff's insured has been finally determined." *Id.* at *2.

Continental argues that this case compels the result that disbursement should be stayed until defendants' claims against it are resolved. D.I. 81, ¶ 8. The Court disagrees. *Lacy* cannot be interpreted for such a broad proposition. In *Lacy,* it is not clear that the plaintiff insurance company relinquished all its interest to the funds. There, the court stated: "The best approach to this situation is to have this Court distribute the fund proportionately as necessary, subject to plaintiff's right to reclaim the fund upon a finding of non-liability." *Id.* at *2. This language suggests that the insurance company had contested liability in the first instance, *i.e.,* interpleading the funds while disputing liability. In that case, the insurance company would retain an interest in the funds.

In the case *sub judice,* Continental has never taken the position that it disputes liability or that it retains any financial interest in the fund. In bringing its interpleader action, Continental, in effect, admitted its insured's liability, deposited the funds, and hoped to wash its hands of the entire matter. Continental sought interpleader relief to resolve all competing claims in the one forum, without the specter of "double vexation for the same liability or a single liability." *See Lacy, supra* at *1. An interpleader action is designed solely to provide that relief. Continental is not entitled at this late stage to come back to this Court to seek an additional benefit, *i.e.,* releases in favor of its insured.

Because Continental has been afforded the relief sought by its interpleader action, in that it will not be exposed to multiple and inconsistent claims for the interpleaded funds in which it asserts no financial interest, the Court concludes that Continental's desire to obtain a release is not sufficient to avoid dismissal. The Pipher Defendants' motion to dismiss will be granted.

### IV. Conclusion

Continental's motion to amend will be granted. Because Continental does not have a sufficient interest in the interpleaded funds, the Pipher Defendants' motion to dismiss Continental as a party plaintiff will be granted.