[No. B161305. Second Dist., Div. One. Dec. 7, 2005.]

DISCOVER BANK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CHRISTOPHER BOEHR, Real Party in Interest.

COUNSEL

Stroock & Stroock & Lavan, Julia B. Strickland, Scott M. Pearson, Stephen J. Newman; Kirkland & Ellis, Jeffrey S. Davidson, Rich Richmond, C. Robert Boldt and Amy M. Wilkins for Petitioner.

No appearance for Respondent.

Strange & Carpenter, Brian R. Strange, Gretchen Carpenter; Law Offices of Barry L. Kramer, Barry L. Kramer; Trial Lawyers for Public Justice and Victoria W. Ni for Real Party in Interest.

OPINION

**ROTHSCHILD, J.**—This case is before us on remand from the California Supreme Court. We are to decide whether a contractual choice-of-law provision should be respected in determining the enforceability of a class action waiver in the contract between plaintiff Christopher Boehr and defendant Discover Bank where plaintiff alleges no violations of California substantive law and sues on behalf of a putative nationwide class. We conclude that the parties' choice of Delaware law should be respected, and that under Delaware law the class action waiver is enforceable. We therefore grant Discover Bank's petition.

## BACKGROUND

The factual and procedural background is amply summarized in the opinion of the Supreme Court. In brief: Boehr, a California resident, obtained a credit card from Discover Bank in 1986. Discover Bank is domiciled in Delaware, and the cardholder agreement contained a choice-of-law clause providing for the application of Delaware and federal law. In 1999, Discover Bank amended the cardholder agreement by adding an arbitration clause that prohibited both parties to the agreement from participating in classwide arbitration, consolidating claims, or arbitrating claims as a representative or in a private attorney general capacity. (*Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 152–153 [30 Cal.Rptr.3d 76, 113 P.3d 1100].)

In 2001, Boehr filed a putative nationwide class action against Discover Bank in the superior court, alleging claims for breach of contract and violation of the Delaware Consumer Fraud Act. He alleged that Discover Bank had breached the cardholder agreement by imposing late fees and finance charges on payments that were received on the payment due date but after Discover Bank's undisclosed 1:00 p.m. deadline. Boehr conceded in his complaint that, because of the choice-of-law provision, Delaware law would govern his "substantive claims," but he alleged that "other issues related to the contract" would be "governed by California or other applicable law." (*Discover Bank v. Superior Court, supra*, 36 Cal.4th at p. 154.)

Discover Bank moved to compel arbitration on an individual basis. The trial court ultimately determined that the class action waiver was unenforceable under California law and that enforcement of the class action waiver under Delaware law would contravene a fundamental public policy of California law. The trial court severed the class action waiver from the agreement and ordered Boehr to arbitrate his claim, leaving open the possibility that Boehr could certify an arbitration class. Discover Bank then sought and obtained writ relief from us on the grounds that the Federal Arbitration Act (FAA) preempts California law to the extent that California law renders class action waivers unenforceable. We thus held that the class action waiver provision was enforceable under the FAA and therefore never considered the choice-of-law issue now before us. (*Discover Bank v. Superior Court, supra*, 36 Cal.4th at p. 155.)

The Supreme Court granted Boehr's petition for review. The court held that under certain circumstances California law does prohibit enforcement of class action waivers without being preempted by the FAA. The Supreme Court acknowledged, however, that we had not decided whether the enforceability of the waiver should be governed by Delaware law rather than California law, pursuant to the choice-of-law provision in the cardholder agreement. The case was remanded to us to resolve that issue and, if necessary, to determine whether the class action waiver would be enforceable under Delaware law. (*Discover Bank v. Superior Court, supra*, 36 Cal.4th at pp. 162–163, 172–174.)

## DISCUSSION

### 1. Governing Law

■ Under California law, the enforcement of contractual choice-of-law provisions, including those in "consumer adhesion contracts," is governed by section 187, subdivision (2) of the Restatement Second of Conflict of Laws (Restatement). (*Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th

906, 916–918 [103 Cal.Rptr.2d 320, 15 P.3d 1071].) "[T]he proper approach under Restatement section 187, subdivision (2) is for the court first to determine either: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California. If there is no such conflict, the court shall enforce the parties' choice of law. If, however, there is a fundamental conflict with California law, the court must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue . . . .' (Rest., § 187, subd. (2).) If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstance we will decline to enforce a law contrary to this state's fundamental policy." (*Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459, 466 [11 Cal.Rptr.2d 330, 834 P.2d 1148], fns. omitted.)[1]

### 2. Substantial Relationship or Other Reasonable Basis

Discover Bank is domiciled in Delaware. By statute, Delaware requires that "[a] revolving credit plan between a [Delaware-chartered] bank and an individual borrower shall be governed by the laws of [Delaware]." (Del. Code Ann., tit. 5, § 956.) For these reasons, we see no grounds for denying either that Delaware has a substantial relationship to the parties or that there is another reasonable basis for the contractual choice of Delaware law, and Boehr does not dispute either proposition. Accordingly, we will apply Delaware law to determine the enforceability of the class action waiver unless to do so would contravene a fundamental policy of California *and* California has a materially greater interest than Delaware in determining the issue.

### 3. Enforceability of Class Action Waivers Under Delaware Law

Discover Bank argues that class action waivers are enforceable and not unconscionable under Delaware law. Discover Bank cites a number of cases in support of its argument, but only one of them, *Edelist v. MBNA Am. Bank* (Del.Super.Ct. 2001) 790 A.2d 1249, 1260–1261, is a published decision of a

---

[1] Technically, the inquiry is not whether there is a conflict with a fundamental policy of *California*, but whether there is a conflict with a fundamental policy of the state whose law would apply under Restatement section 188 in the absence of a contractual choice of law. (Rest., § 187, subd. (2).) Although Discover Bank argues that Delaware law would apply in this case in the absence of a contractual choice of law, we will join the Supreme Court in assuming that California law would apply.

Delaware state court holding that a class action waiver is enforceable and not unconscionable. That case is a published decision of the Superior Court of Delaware, but Discover Bank argues that "the Delaware court system does not have intermediate appellate courts," so the decisions of Delaware trial courts "are important sources of Delaware law which are regularly followed." (Cf. *Continental Ins. Co. v. Pipher* (D.Del. 1996) 934 F.Supp. 639, 642.)

In opposition, Boehr does not cite any Delaware state court decisions that have held class action waivers unconscionable or otherwise unenforceable. Instead, he discusses the Delaware case law concerning unconscionability in general, and he argues on the basis of those cases that class action waivers are unconscionable under Delaware law. Boehr also urges us not to follow *Edelist v. MBNA Am. Bank* because it "offers no explanation" for its holding and is "purely conclusory."

Although Boehr does present a colorable argument that class action waivers are unconscionable under Delaware law, we cannot presume to have a more developed understanding of Delaware law than that of the Superior Court of Delaware. It should be noted in this regard that the Superior Court of Delaware is not *merely* a trial court. Rather, it also hears appeals from every other Delaware court except the Court of Chancery and the Supreme Court. (For a useful overview of the structure of the Delaware court system, see <http://courts.delaware.gov/Courts/> [as of Dec. 7, 2005].) *Edelist v. MBNA Am. Bank, supra,* 790 A.2d 1249, though not itself an appellate decision, is the best authority of which we are aware concerning the enforceability of class action waivers under Delaware law. We cannot ignore it. Moreover, the next strongest authority that we have located on the issue is the unpublished decision of the United States Court of Appeals for the Third Circuit in *Lloyd v. MBNA Am. Bank, N.A.* (3d Cir. 2002) 27 Fed.Appx. 82, 84,[2] which likewise affirmed the enforcement of a class action waiver under Delaware law.[3]

---

[2] Although California Rules of Court, rule 977 prohibits citation of unpublished opinions of California's appellate courts, it does not prohibit citation of unpublished federal opinions.

[3] There are also some decisions by the Delaware Court of Chancery and the Delaware federal district court that, though not expressly applying Delaware law, have enforced class action waivers. (*Pick v. Discover Financial Services, Inc.* (D.Del., Sept. 28, 2001, No. Civ.A. 00-935-SLR) 2001 WL 1180278; *Sagal v. First USA Bank, N.A.* (D.Del. 1999) 69 F.Supp.2d 627; *Leason v. Merrill Lynch, Pierce, Fenner & Smith* (Del.Ch., Aug. 23, 1984, No. 6914) 1984 WL 8232.)

In addition, the result would be the same under the law of eight other states, as interpreted by those states' own courts. (*Rains v. Foundation Health Systems* (Colo.Ct.App. 2001) 23 P.3d 1249, 1253–1254; *Brown v. KFC National Management Co.* (1996) 82 Haw. 226 [921 P.2d 146, 166], fn. 23; *Walther v. Sovereign Bank* (2005) 386 Md. 412 [872 A.2d 735, 749–751]; *Gras v. Associates First Capital Corp.* (2001) 346 N.J. Super. 42 [786 A.2d 886, 889–893]; *Tsadilas v. Providian Nat. Bank* (N.Y.App.Div. 2004) 13 A.D.3d 190, 191 [786 N.Y.S.2d 478];

For these reasons, we conclude that the class action waiver in Boehr's cardholder agreement is enforceable, and not unconscionable, under Delaware law.

### 4. Fundamental Policy and Materially Greater Interest

The parties vigorously dispute whether enforcement of the class action waiver in this case would be contrary to a fundamental policy of California. On the one hand, Discover Bank argues that (1) the Supreme Court did not hold in this case that all class action waivers are unconscionable under California law, (2) neither the Supreme Court nor the California Legislature has announced a general policy prohibiting the enforcement of class action waivers, (3) the case law positively indicates that there is no fundamental policy to that effect, (4) the class action waiver at issue here does not function as an exculpatory clause because cardholders have numerous alternative methods of seeking relief besides class actions, and (5) a rule against enforcement of class action waivers would attract large amounts of class action litigation to California, imposing undue burdens on California courts. On the other hand, Boehr argues that (1) a class action waiver is in effect an exculpatory clause and hence violates Civil Code section 1668, (2) California has a fundamental public policy against exculpatory clauses, and (3) contrary to Discover Bank's argument, cardholders do not have adequate alternatives to class claims as means of seeking relief.

We are not aware of any bright-line rules for determining what is and what is not contrary to a fundamental policy of California. Comment g to Restatement section 187 itself says that "[n]o detailed statement can be made

---

*Strand v. U.S. Nat. Bank Nat. Ass'n ND* (2005) 2005 ND 68 [693 N.W.2d 918, 920]; *Pyburn v. Bill Heard Chevrolet* (Tenn.Ct.App. 2001) 63 S.W.3d 351, 363–365); *AutoNation USA Corp. v. Leroy* (Tex.App. 2003) 105 S.W.3d 190, 199–200.) And six federal courts of appeals have reached similar results. (*Johnson v. West Suburban Bank* (3d Cir. 2000) 225 F.3d 366, 371; *Adkins v. Labor Ready, Inc.* (4th Cir. 2002) 303 F.3d 496, 502–503; *Iberia Credit Bureau, Inc. v. Cingular Wireless LLC* (5th Cir. 2004) 379 F.3d 159, 174–175; *Livingston v. Associates Finance, Inc.* (7th Cir. 2003) 339 F.3d 553, 558–559; *Dominium Austin Partners, L.L.C. v. Emerson* (8th Cir. 2001) 248 F.3d 720, 728–729; *Bowen v. First Family Fin Servs., Inc.* (11th Cir. 2000) 233 F.3d 1331, 1337–1339.)

At the same time, class action waivers have been held unconscionable and unenforceable under the law of four states. (*Eagle v. Fred Martin Motor Co.* (2004) 157 OhioApp.3d 150 [2004 Ohio 829, 809 N.E.2d 1161]; *Whitney v. Alltell Communications, Inc.* (Mo.Ct.App., Nov. 1, 2005, No. WD 64196) 2005 WL 1544777; *State ex rel. Dunlap v. Berger* (2002) 211 W.Va. 549 [567 S.E.2d 265]; *Luna v. Household Fin. Corp. III* (W.D.Wash. 2002) 236 F.Supp.2d 1166.) And there are three additional states in which there is conflicting authority on the issue. (*Leonard v. Terminix Intern. Co., L.P.* (Ala. 2002) 854 So.2d 529; *Med Center Cars, Inc. v. Smith* (Ala. 1998) 727 So.2d 9; *Kinkel v. Cingular Wireless, LLC* (2005) 357 Ill.App.3d 556 [828 N.E.2d 812, 293 Ill.Dec. 502]; *Rosen v. SCIL, LLC* (2003) 343 Ill.App.3d 1075 [799 N.E.2d 488, 278 Ill.Dec. 770]; *Fonte v. AT&T Wireless Servs., Inc.* (Fla.Dist.Ct.App.2005) 903 So.2d 1019; *Powertel, Inc. v. Bexley* (Fla.Dist.Ct.App. 1999) 743 So.2d 570.)

of the situations where a 'fundamental' policy . . . will be found to exist." (Rest., § 187, com. g, p. 568.)

Moreover, the issue in this case is particularly difficult to resolve because, in the Supreme Court's opinion in this case, the court did not hold that the class action waiver is unenforceable here. The court did state that "at least some class action waivers in consumer contracts are unconscionable under California law." (*Discover Bank v. Superior Court, supra,* 36 Cal.4th at p. 160.) But the court went on to explain that statement in much greater detail, as follows: "We do not hold that all class action waivers are necessarily unconscionable. But when the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, *at least to the extent the obligation at issue is governed by California law,* the waiver becomes in practice the exemption of the party 'from responsibility for [its] own fraud, or willful injury to the person or property of another.' (Civ. Code, § 1668.) *Under these circumstances,* such waivers are unconscionable under California law and should not be enforced." (*Discover Bank v. Superior Court, supra,* at pp. 162–163, italics added.)

The italicized language is significant because, as the Supreme Court recognized, Boehr conceded at the inception of this lawsuit that both of his claims would be governed by the substantive law of Delaware, not California. (*Discover Bank v. Superior Court, supra,* 36 Cal.4th at pp. 154, 174.) In other words, the obligations at issue in Boehr's lawsuit are *not* governed by California law. Consequently, the Supreme Court did not conclude that, under California law, the class action waiver is unenforceable in this case.[4] At the same time, the court did not conclude that the waiver is enforceable under California law. Rather, the court declined to decide the issue.[5]

We too find it unnecessary to resolve this issue, because even assuming arguendo that enforcement of the waiver would be contrary to a fundamental policy of California, we conclude that California does not have a *materially greater* interest in determination of the issue than Delaware. Although Boehr

---

[4] The fact that Boehr alleges no claims under California law also distinguishes the instant case from *Aral v. Earthlink, Inc.* (2005) 134 Cal.App.4th 544 [36 Cal.Rptr.3d 229], in which the plaintiff alleged a claim under California's unfair competition law. The holding in *Aral v. Earthlink, Inc.* (namely, that the class action waiver in that case was unconscionable under California law) is therefore fully consistent with the conclusions we reach here.

[5] That said, the court did expressly reject the arguments now raised by Discover Bank to the effect that consumers have adequate alternatives to class claims. (*Discover Bank v. Superior Court, supra,* 36 Cal.4th at p. 162.)

is a California resident, he asserts two claims under Delaware law and none under California law, on behalf of a putative nationwide class, and against a bank that is domiciled in Delaware. For these reasons, we fail to see how California has a greater interest in Boehr's lawsuit—or in determination of the class action waiver issue—than any other state, including Delaware. On the contrary, Delaware's interest is demonstrably greater than California's because (1) Delaware is home to the sole defendant, not just (like California) home to some portion of the putative class, (2) Delaware has demonstrated by statute its concern that Delaware law should apply to claims between Delaware banks and their cardholders, and (3) Boehr is asserting claims under Delaware law alone.

In his arguments on this point, Boehr focuses on California's "indisputably strong interest in protecting its consumers." Although California does have a strong interest in protecting its consumers, Boehr is attempting to assert claims on behalf of *every* state's consumers, not just California's, and is attempting to place the burden of that litigation on California's courts. Boehr does not deny that California has no greater interest in protecting other states' consumers than other states have in protecting California's. For these reasons, Boehr's arguments fail. California does not have a materially greater interest than Delaware in determination of the class action waiver issue.

To summarize: There is a substantial relationship between the parties and Delaware, and in any event there is another reasonable basis for the contractual choice of Delaware law. Under Delaware law, the class action waiver is enforceable. Assuming for the sake of argument that enforcement of the class action waiver in this case would be contrary to a fundamental policy of California, California still does not have a materially greater interest in determination of the class action waiver issue in this case than Delaware. The parties' choice of Delaware law therefore governs enforceability of the class action waiver, so the class action waiver will be enforced in this case.

### 5. Boehr's Remaining Arguments

Boehr presents two additional arguments for the conclusion that Delaware law should not govern enforceability of the class action waiver. We reject them both.

### A. Comment b to Restatement Section 187

Boehr argues that we must "carefully scrutinize[]" the choice-of-law provision in the cardholder agreement in order to determine whether application of the provision in this instance would cause "substantial injustice." On that basis, he argues that we must not apply the choice-of-law provision to

the class action waiver issue because to do so would work a substantially unjust curtailment of consumers' rights. We disagree.

■ Boehr's argument is based on one sentence in *Washington Mutual Bank v. Superior Court, supra,* 24 Cal.4th at pages 917–918, concerning the enforceability of choice-of-law provisions in consumer contracts of adhesion. The Supreme Court observed that "[u]nder *Nedlloyd,* which adopted the Restatement approach and found the enforceability of choice-of-law clauses closely related to that of forum-selection clauses (*Nedlloyd [Lines B. V. v. Superior Court], supra,* 3 Cal.4th at p. 464), the weaker party to an adhesion contract may seek to avoid enforcement of a choice-of-law provision therein by establishing that 'substantial injustice' would result from its enforcement (Rest., § 187, com. (b), p. 562) or that superior power was unfairly used in imposing the contract [citation]." (Fn. omitted.) In a footnote, the court quoted comment b to Restatement section 187 in its entirety: " 'A choice-of-law provision, like any other contractual provision, will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake. Whether such consent was in fact obtained by improper means or by mistake will be determined by the forum in accordance with its own legal principles. A factor which the forum may consider is whether the choice-of-law provision is contained in an 'adhesion' contract, namely one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms. Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print. Common examples are tickets of various kinds and insurance policies. Choice-of-law provisions contained in such contracts are usually respected. Nevertheless, the forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent.' " (*Washington Mutual Bank v. Superior Court, supra,* 24 Cal.4th at p. 918, fn. 6, quoting Rest., § 187, com. b, p. 562.) From these sources, Boehr derives the conclusion that the choice-of-law provision in this case must be scrutinized with care and must not be enforced if it would cause substantial injustice.

■ We disagree with Boehr's interpretation of the relevant texts. We believe the Supreme Court in *Washington Mutual Bank v. Superior Court, supra,* 24 Cal.4th 906, intended its reference to "substantial injustice" as shorthand for the considerations detailed in comment b to Restatement section 187, which the court accordingly set forth in full in the margin. The point of comment b is that a choice-of-law provision should not be enforced if it was included in the contract "by improper means, such as by misrepresentation, duress, or undue influence, or by mistake." (Rest., § 187, com. b, p. 562.) The comment does state that if the contract at issue is a contract of adhesion, then that may

be a relevant factor in determining whether the choice-of-law provision was included as a result of improper means or mistake. But at the same time, the comment acknowledges that "[c]hoice-of-law provisions contained in such contracts are usually respected." (*Ibid.*) Read as a whole, then, the comment does not create a separate rule requiring invalidation of choice-of-law provisions in adhesion contracts if, upon careful scrutiny, they appear to work a substantial injustice. Rather, the comment explains that a choice-of-law provision—like any other contractual provision—will not be enforced if it was included because of improper means or mistake, and the comment further observes that the adhesive nature of a consumer contract may be a relevant factor in analyzing whether a provision was included by improper means or mistake.

Boehr does not argue that the choice-of-law provision was included in the cardholder agreement by improper means or mistake. Accordingly, comment b to section 187 of the Restatement does not apply here.

### B. Restatement Sections 122 and 125

Boehr's final argument is based on sections 122 and 125 of the Restatement. Under section 122, "[a] court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." Section 125, which states a specific example of the kind of procedural issue that is usually governed by forum law under section 122, states that "[t]he local law of the forum determines who may and who must be parties to a proceeding unless the substantial rights and duties of the parties would be affected by the determination of this issue." On the basis of those two sections, Boehr reasons that "[t]he determination of whether [he] may pursue his case on a class action basis" should be governed by California law, because it is a procedural issue concerning "who may or must be parties to a proceeding."

Boehr's argument fails because it is based on a mischaracterization of the choice-of-law issue before us. Boehr's contract with Discover Bank contains a class action waiver. Boehr believes that the waiver is unconscionable and hence unenforceable under California law, so he wants us to apply California law rather than Delaware law. But he seeks to have us apply California law concerning *unconscionability*—not California procedural law concerning class actions, permissive or compulsory joinder, or other aspects of "who may or must be parties to a proceeding"—to determine the enforceability of the waiver. The law of unconscionability is not procedural. Rather, it is part of the substantive law of contracts, and Boehr does not argue to the contrary. Sections 122 and 125 therefore have nothing to do with the issue before us.

## DISPOSITION

The petition for writ of mandate is granted. We direct the trial court to vacate its July 11, 2002, order granting plaintiff's motion for reconsideration and to issue a new and different order denying same. The trial court's original order granting the motion to compel arbitration shall be reinstated in full, requiring plaintiff to arbitrate on an individual basis and submit to the class action waiver. Discover Bank is entitled to its costs on this writ proceeding.

Spencer, P. J., and Vogel, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 29, 2006, S140411.