Gary DAVIS, Plaintiff—Appellee,

v.

CHASE BANK USA, N.A., Circuit City
Stores, Inc., Defendants—
Appellants.

No. 07–55561.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 3, 2008.

---

Drew E. Pomerance, Esquire, Roxborough, Pomerance & Nye, LLP, Woodland Hills, CA, Sabrina S. Kim, Milberg, LLP, Los Angeles, CA, for Plaintiff–Appellee.

David W. Moon, Esquire, Julia B. Strickland, Esquire, Stroock & Stroock & Lavan LLP, Los Angeles, CA, Peter E. Glick, Esquire, Sacramento, CA, for Defendants–Appellants.

Before: CALLAHAN and IKUTA, Circuit Judges, and SHUBB, Senior District Judge.

### MEMORANDUM *

Because the Federal Arbitration Act (FAA) "does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause," the FAA did not prevent the district court from applying California law to determine whether the class action waiver provision in the Chase agreement was enforceable. *See Shroyer v. New Cingular Wireless Servs., Inc.,* 498 F.3d 976, 987 (9th Cir. 2007).

Applying California's choice of law analysis as articulated in Restatement (Second) of Conflict of Laws § 187 and *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148, 1150–51 (1992), we conclude that California law applies to the class action waiver provision. First, Delaware has a "substantial relationship to the parties or the transaction" as a result of Chase's status as a national bank located in Delaware. *Id.,* 11 Cal.Rptr.2d 330, 834 P.2d at 1151. Second, Delaware's enforcement of class action waivers is contrary to California's fundamental public policy against enforcing unconscionable class action waivers. *See Discover Bank v. Superior Court,* 36 Cal.4th 148, 30 Cal.Rptr.3d 76, 113 P.3d 1100, 1108 (2005); *see also Klussman v. Cross Country Bank,* 134 Cal.App.4th 1283, 36 Cal.Rptr.3d 728, 739–40 (2005). Because we have already concluded that California has such a fundamental public policy, *Hoffman v. Citibank, N.A.,* 546 F.3d 1078, 1083–84 (9th Cir.2008) (per curiam) (relying on *Klussman,* 36 Cal. Rptr.3d at 739–40; Cal. Civ.Code § 1668), we need not reach the question whether a state's fundamental public policy can be established only by the state's legislature or constitution. Third, California has a materially greater interest than Delaware in determining the enforceability of the class action waiver provision given that the relevant transactions took place in California, California residents compose the class, the claims arose under California state law,[1] and California has an interest in protecting its citizens from unconscionable class action waivers. *Klussman,* 36 Cal. Rptr.3d at 740–41; *cf. Discover Bank v. Superior Court,* 134 Cal.App.4th 886, 36 Cal.Rptr.3d 456, 461–62 (2005).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In this context, we need not reach Chase's argument that Davis's state law claims are ultimately not viable, because we consider only whether Davis raised state law claims or out-of-state claims. *See Klussman,* 36 Cal. Rptr.3d at 740–41.

Finally, the class action waiver provision is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (2000). It is procedurally unconscionable because, as California courts have held, it was "an amendment to a customer agreement in the form of a bill stuffer" the consumer "would be deemed to accept if he did not close his account." *Cohen v. DirecTV, Inc.,* 142 Cal.App.4th 1442, 48 Cal.Rptr.3d 813, 818 (2006) (quoting *Discover Bank,* 30 Cal.Rptr.3d 76, 113 P.3d at 1108). That Chase characterizes its amendment as an "opt-out" provision does not change the fact that it was given on a "take it or leave it" basis, akin to those procedurally unconscionable "agreements that incorporate one-sided protections and impose hidden waivers without actual notice or a realistic opportunity to reject the waiver." *Klussman,* 36 Cal.Rptr.3d at 741. The class action waiver is substantively unconscionable because it "is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and [ ] it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." *Discover Bank,* 30 Cal.Rptr.3d 76, 113 P.3d at 1110 (2005). The Supreme Court of California stated such a "waiver becomes in practice the exemption of the party 'from responsibility for [its] own fraud, or willful injury to the person or property of another.'" *Id.* (quoting Cal. Civ.Code § 1668) (alteration in original).

Because under California law the Delaware choice of law provision is not applicable to the class action waiver provision, and because the class action waiver provision is unconscionable under California law, the district court did not err in denying Chase's motion to compel arbitration.[2]

**AFFIRMED.**

---

**2.** The parties did not raise, and therefore we do not address, the question whether the district court erred in holding that the arbitration clause as a whole, rather than the class action waiver provision, was unenforceable.