FILED

**NOT FOR PUBLICATION**

NOV 19 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG MASTERS, on behalf of himself and all others similarly situated,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>DIRECTV, INC., a California corporation; et al.,<br><br>            Defendants - Appellants. | No. 08-55825<br><br>D.C. No. 2:08-cv-00906-FMC-VBK<br><br><br>MEMORANDUM [*] |

| | |
|---|---|
| JOHN MURPHY, on behalf of himself, and those similarly situated,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>DIRECTV, INC.; et al.,<br><br>            Defendants - Appellants. | No. 08-55830<br><br>D.C. No. 2:07-cv-06465-FMC-VBK |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 2, 2009
Pasadena, California

Before: SCHROEDER, SILER,[**] and IKUTA, Circuit Judges.


Under California's choice of law analysis, as articulated in *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1151–52 (Cal. 1992), California law applies because California has both a fundamental policy against the enforceability of class-action waivers and has a materially greater interest than Montana or Georgia. A California appellate court has held that the class-action waiver at issue is unconscionable under California law. *See Cohen v. DirecTV, Inc.*, 48 Cal. Rptr. 3d 813, 823 (Cal. Ct. App. 2006). Additionally, multiple California courts have held that California has a "fundamental policy" against enforcing this type of class-action waiver. *See, e.g., Klussman v. Cross Country Bank*, 36 Cal. Rptr. 3d 728, 736, 741 (Cal. Ct. App. 2005); *America Online, Inc. v. Superior Court*, 108 Cal. Rptr. 2d 699, 712 (Cal. Ct. App. 2001).

No California court has ruled that this fundamental policy applies only to protecting California residents, and because we have no basis for creating such a limitation, we must conclude that the "fundamental policy" prong of the *Nedlloyd*

[**] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

-2-

test is met in this case. In the foundational case on class action waivers in California, *Discover Bank v. Superior Court* (*Discover Bank I*), 113 P.3d 1100 (Cal. 2005), the California Supreme Court held that class-action waivers that "cheat large numbers of consumers out of individually small sums of money" are unconscionable, "at least to the extent the obligation at issue is governed by California law." *Id.* at 1110. The California Supreme Court confined its holding to class action waivers governed by California law, but made no similar limitation as to California consumers; we decline to do so here. *See also Brack v. Omni Loan Co., Ltd.*, 80 Cal. Rptr. 3d 275, 278, 285–86 (Cal. Ct. App. 2008) (applying a California "fundamental policy" in favor of Brack, a "nonresident member of the military stationed at Camp Pendleton").

California has a materially greater interest than Montana or Georgia in the current dispute because California is home to the sole defendant and because the appellees assert claims under California law alone. *Cf. Discover Bank v. Superior Court* (*Discover Bank II*), 36 Cal. Rptr. 3d 456, 461–62 (Cal. Ct. App. 2005). Moreover, California has "demonstrated by statute" *id.,* its determination that class action waivers are unenforceable. *See* Cal. Civ. Code § 1751 (2009). Because the current dispute is brought as a nationwide class action, neither Montana nor Georgia can claim any special interest in having its laws apply to this dispute; each

state in which putative class members reside, whether it is California, Montana, or Georgia, has the same interest in protecting its own residents. *See Discover Bank II*, 36 Cal. Rptr. 3d at 462.

Finally, this conclusion does not contradict *Washington Mutual Bank v. Superior Court*, 15 P.3d 1071 (Cal. 2001), because that case did not address "the enforceability of class action waivers in contracts of adhesion," *Discover Bank I*, 113 P.3d at 1109 n.3, the situation alleged in this case.

**AFFIRMED.**